EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Establecimiento del Programa Experimental para el Uso de Cámaras Fotográficas y de Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Judiciales Celebrados en las Salas de Recursos Extraordinarios del Centro Judicial de San Juan | 2013 TSPR 45<br><br>188 DPR ____ |

Número del Caso: ER-2013-1

Fecha: 19 de abril de 2013

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Enmienda al Canon 15 de Ética Judicial y Establecimiento del Programa Experimental para el Uso de Cámaras Fotográficas y de Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Judiciales Celebrados en las Salas de Recursos Extraordinarios del Centro Judicial de San Juan

ER-2013-1

*RESOLUCIÓN*

En San Juan, Puerto Rico, a 19 de abril de 2013.

En virtud de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201 de 22 de agosto de 2003, (4 L.P.R.A. sec. 24 et seq.), este Tribunal tiene la responsabilidad de adoptar e implantar cánones de ética judicial que rijan la conducta de los Jueces y las Juezas de Puerto Rico.

En el 2005 este Tribunal aprobó unos nuevos Cánones de Ética Judicial en los que se reafirmaron los principios que constituyen la base de las normas éticas. En esa ocasión, optamos por dejar inalterado el entonces Canon XVIII de 1977, ahora Canon 15, *Solemnidad de los Procedimientos; Fotografías, Películas, Grabación o Reproducción*. Este precepto ético, en esencia, impone el deber a los jueces de mantener el proceso judicial en un ambiente inalterable de solemnidad y respeto. Dicho canon además prohíbe la toma de fotografías y las grabaciones de video o audio, así como la difusión de los procesos judiciales por radio o televisión, excepto en ocasiones ceremoniales o para propósitos educativos.

No obstante, al aprobar dicho canon reconocimos la importancia y la necesidad de reexaminar esa normativa con mayor detenimiento debido a las implicaciones de índole constitucional.

In re: Enmienda al Canon 15
de Ética Judicial y Establecimiento
del Programa Experimental…                                    3

Con ese propósito, y ante los reclamos de los medios audiovisuales de comunicación a un acceso a los procesos judiciales, encomendamos al Secretariado de la Conferencia Judicial y Notarial a que actualizara la información sobre la cobertura electrónica y toma de fotografías por la prensa de los procesos judiciales en otras jurisdicciones.

Oportunamente el Secretariado sometió el *Informe Sobre el Uso de Cámaras Fotográficas y Equipo Audiovisual de Difusión Para Cubrir los Procedimientos Judiciales en Puerto Rico.* Del mismo se desprende que en las diversas jurisdicciones existe regulación bien variada que autoriza distintos niveles de cobertura y de acceso a los procesos judiciales, y que en su mayoría comenzaron de forma experimental.

Evaluados los hallazgos y las recomendaciones de dicho Informe, así como los comentarios y recomendaciones de distintos sectores de la comunidad, incluyendo la Asociación de Periodistas de Puerto Rico, el Overseas Press Club of Puerto Rico, la Asociación de Fotoperiodistas y el Taller de Fotoperiodismo, y en aras de acercar cada vez más nuestro sistema de justicia a los más altos valores y niveles de transparencia, de fomentar la confianza del pueblo en su Judicatura y de garantizar el acceso de la ciudadanía, se deroga el Canon 15 vigente y se aprueba un nuevo Canon 15 de Ética Judicial que dispone lo siguiente:

**CANON 15. Solemnidad de los Procedimientos; Fotografías, Video, Grabación y Transmisión.**

Las juezas y los jueces mantendrán el proceso judicial en un ambiente de solemnidad y respeto.

Se podrán tomar fotografías o video en el salón del tribunal durante la celebración de sesiones judiciales o recesos, y radiodifundir o televisar procedimientos judiciales, solamente según lo autorice el Tribunal Supremo mediante orden, regla o norma. Éstas garantizarán el acceso del público a los procedimientos judiciales sin que se afecte el logro de un juicio justo e imparcial, sin interrumpir el proceso judicial y sin menoscabar la sana administración de la justicia.

Se podrá permitir la toma de fotografías o video en ocasiones estrictamente ceremoniales.

In re: Enmienda al Canon 15
de Ética Judicial y Establecimiento
del Programa Experimental…                                    4

Se permitirá el uso oficial de equipo o grabadoras autorizadas por la Oficina de Administración de los Tribunales, y el uso de grabadoras o equipo similar por las abogadas y los abogados de las partes.

Además, se podrá permitir el uso de computadoras portátiles, teléfonos celulares, tabletas, entre otros dispositivos electrónicos o equipo similar para recopilar y transmitir información escrita a través del internet, siempre que no interfiera con el proceso judicial, su operación sea silenciosa y discreta y no se utilicen para fotografiar, grabar imágenes o audio, ni para radiodifundir ni televisar. No obstante lo anterior, el juez o la jueza podrá restringir o limitar la transmisión en directo de lo que acontece durante el proceso judicial si determina que afectará el logro de un juicio justo e imparcial o la sana administración de la justicia.

La enmienda que hoy adoptamos mediante esta Resolución, toma en consideración que los instrumentos tradicionales de recopilación de información se están sustituyendo por otras herramientas especializadas con mayor agilidad y eficacia. Por ello, se autoriza el uso de computadoras portátiles, teléfonos celulares, tabletas, entre otros dispositivos electrónicos o equipo similar para recopilar información sobre lo que acontece durante el proceso judicial. Estos equipos o dispositivos no podrán ser utilizados para fotografiar, grabar imágenes o audio, ni para transmitir los procesos judiciales.

Asimismo, considerando que el uso del internet como herramienta de comunicación masiva, especialmente a través de los periódicos digitales, los blogs y las redes sociales, es la vía más eficiente para transmitir información de forma rápida al público, se autoriza el uso de los dispositivos electrónicos antes mencionados para transmitir a través del internet, información relacionada con el proceso judicial que estén presenciando. La información que se autoriza transmitir es aquella que se puede plasmar a través de la escritura y no mediante imágenes o sonidos.

Toda persona deberá actuar responsablemente al difundir información de un proceso judicial, por lo que deberá asegurarse que la información que divulgue concuerde fielmente con la realidad de lo ocurrido en el proceso judicial. El juez o la jueza podrá limitar o

In re: Enmienda al Canon 15
de Ética Judicial y Establecimiento
del Programa Experimental…                                    5

restringir la utilización de equipo para la transmisión de información relacionada con el proceso judicial si determina que afectará el logro de un juicio imparcial o la sana administración de la justicia.

De otra parte, al amparo de lo dispuesto en el Canon 15, autorizamos el *Programa Experimental para el Uso de Cámaras Fotográficas y de Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Celebrados en las Salas de Recursos Extraordinarios del Centro Judicial de San Juan*. Con el propósito de establecer el ordenamiento que gobernará este programa experimental, aprobamos el *Reglamento del Programa Experimental para el Uso de Cámaras Fotográficas y de Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Judiciales,* el cual se hace formar parte integral de esta Resolución.

El Reglamento dispone las reglas que regirán la petición, la autorización por el juez o la jueza, los parámetros y restricciones de la cobertura electrónica, la elección del personal autorizado para fotografiar y grabar el proceso, así como el equipo técnico a utilizar y la conducta que los y las representantes de los medios de comunicación deberán observar durante el programa experimental, entre otros asuntos.

Al concluir un año desde que entre en vigor el programa experimental, el Tribunal hará una evaluación exhaustiva de la efectividad del uso de cámaras fotográficas y de equipo audiovisual de difusión por los medios de comunicación en los procesos judiciales que se celebren en dichas salas. Al llevar a cabo dicha evaluación se garantizará la participación de todos los sectores interesados, incluyendo la judicatura, los abogados y abogadas, el ministerio público y los medios de comunicación.

El nuevo Canon 15 de Ética Judicial entrará en vigor inmediatamente. El Reglamento comenzará a regir el 1 de julio de 2013.

Publíquese.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Hernández Denton emite Voto Particular de Conformidad al cual se une la Jueza Asociada señora Fiol Matta. El Juez Asociado señor Rivera García "condiciona su voto de conformidad a esta Resolución ya que su aplicación es exclusiva para el Programa Experimental en las Salas de Recursos Extraordinarios del Centro Judicial de San Juan y por el

In re: Enmienda al Canon 15
de Ética Judicial y Establecimiento
del Programa Experimental…                                    5

término de un año. En la eventualidad de que se considere extender o ampliar el programa a otras salas, me reservo el derecho de modificar mi voto, si tal decisión incide sobre derechos constitucionales que cobijan a la ciudadanía". El Juez Asociado señor Estrella Martínez emite un Voto Particular de Conformidad.


                          Lcda. Aida I. Oquendo Graulau
                          Secretaria del Tribunal Supremo

In re: Enmienda al Canon 15
de Ética Judicial y Establecimiento
del Programa Experimental…                          7

**REGLAMENTO DEL PROGRAMA EXPERIMENTAL PARA EL USO DE
CÁMARAS FOTOGRÁFICAS Y DE EQUIPO AUDIOVISUAL DE DIFUSIÓN
POR LOS MEDIOS DE COMUNICACIÓN EN LOS PROCESOS JUDICIALES**

**REGLA 1.  TÍTULO**

Este Reglamento se conocerá como "*Reglamento del Programa Experimental para el Uso de Cámaras Fotográficas y de Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Judiciales.*"

**REGLA 2.  BASE LEGAL**

Este *Reglamento* se adopta conforme a la autoridad concedida al Tribunal Supremo por la Sección 7 del Artículo V de la Constitución del Estado Libre Asociado de Puerto Rico, para adoptar reglas para la administración de los tribunales y al Canon 15 de Ética Judicial de Puerto Rico, según enmendado.

**REGLA 3.  APLICACIÓN**

Este *Reglamento* autoriza, a manera de proyecto experimental, la cobertura electrónica de los procesos judiciales mediante la toma de fotografías y la grabación de audio e imágenes, y su reproducción y difusión por los medios de comunicación.  Regirá únicamente en los procesos judiciales celebrados en las Salas de Recursos Extraordinarios del Centro Judicial de San Juan.

**REGLA 4.  DEFINICIONES**

Los siguientes términos tendrán el significado que se expresa a continuación:

a.  *Cámaras fotográficas y equipo audiovisual de difusión*- incluye cualquier tipo de cámara fotográfica, cámara de televisión, grabadora de video o imagen, grabadora de audio, entre otros de igual naturaleza y para propósitos de grabación, transmisión, reproducción, difusión o toma de fotografías.  Incluye todo tipo de accesorio como cables, micrófonos, trípodes y otros similares.

b.  *Cobertura electrónica*- comprende la obtención de información del proceso judicial mediante la captación de imágenes y/o audio por cámaras fotográficas y equipo audiovisual de difusión por los medios de comunicación. Incluye la toma de fotografías, la grabación, la reproducción y la difusión de los procesos judiciales.

In re: Enmienda al Canon 15
de Ética Judicial y Establecimiento
del Programa Experimental…                                    8

c.    *Difusión del proceso*- proceso de divulgación o propagación de cualquier grabación de imagen, grabación de audio, fotografía o información de los eventos que acontecen en el proceso judicial. Incluye la reproducción a través del uso de cámaras de televisión, ondas radiales, entre otros medios de telecomunicación.

d.    Equipo electrónico adicional- incluye computadoras portátiles ("laptops"), teléfonos inteligentes ("smartphones"), tabletas ("tablets"), entre otros aparatos electrónicos o equipos similares utilizados por los medios de comunicación en sustitución de las herramientas tradicionales para recopilar información.

e.    Funcionaria o Funcionario Designado- persona elegida por el juez o la jueza que preside el proceso para que actúe como representante del tribunal, coordine junto con los representantes de los medios de comunicación la difusión del proceso judicial, y facilite el fiel cumplimiento de las disposiciones contenidas en este *Reglamento*.

f.    *Juez o Jueza que preside el proceso*- el juez o la jueza del tribunal de primera instancia ante quien se ventila el proceso judicial que se pretende difundir.

g.    *Medios de comunicación*- toda aquella persona, organización o entidad cuya función sea obtener noticias con el propósito de informar al público, ya sea de forma escrita, oral, visual o gráfica. Incluye agencias de noticias, diarios y semanarios de circulación nacional, estaciones de radio y televisión, prensa regional, revistas y prensa especializada e internet.

h.    *Partes*- las personas litigantes nombradas en el expediente del caso.

i.    *Participante del proceso*- todas las partes, los abogados y las abogadas, las personas testigos y las personas peritas, el personal del tribunal y el juez o la jueza, que estén presentes mientras se desarrolla el proceso judicial.

j.    *Proceso judicial*- comprende, sin limitarse, a la celebración de vistas de estado de los procedimientos, vistas argumentativas, conferencias con antelación al juicio y vistas en su fondo de aquellos asuntos y recursos en materia civil asignados en las Salas de Recursos Extraordinarios del Centro Judicial de San Juan.

In re: Enmienda al Canon 15
de Ética Judicial y Establecimiento
del Programa Experimental…                                    9

k. *Representante de los medios de comunicación*- persona autorizada para tomar fotografías o grabar el proceso judicial y que representa uno de los medios de difusión siguientes: televisión, prensa digital (internet) y prensa escrita.

l. *Representante de los medios de comunicación designado*- representante de los medios de comunicación escogido preferiblemente mediante consenso por los distintos medios de comunicación peticionarios, que ejerce de enlace entre el tribunal y los medios de comunicación a quienes representa.

## REGLA 5.  PRINCIPIOS GENERALES

a. El juez o la jueza que preside el proceso permitirá la cobertura electrónica de los procesos judiciales ante su consideración siempre que los medios de comunicación cumplan satisfactoriamente con las disposiciones contenidas en este *Reglamento*.

b. El juez o la jueza que preside el proceso mantendrá la discreción para revocar la autorización concedida o limitar, restringir o prohibir la cobertura electrónica del proceso judicial ante su consideración.

c. Los medios de comunicación observarán en el salón de sesiones una conducta apropiada de manera que prevalezca en el tribunal un ambiente de decoro y solemnidad, sin distraer a los participantes del proceso ni obstaculizar el logro de un juicio justo e imparcial.

d. Este *Reglamento* no limita ni restringe la autoridad del juez o de la jueza que preside el proceso para dirigir el mismo, manejar los procedimientos que tiene ante su consideración y determinar que se ha incumplido con alguna de las disposiciones contenidas en este *Reglamento*.

e. Nada de lo dispuesto en este *Reglamento* restringirá de forma alguna los derechos que al presente gocen los medios de comunicación para informar sobre los procesos judiciales.

f. Nada de lo dispuesto en este *Reglamento* varía o modifica de forma alguna las disposiciones de los Cánones de Ética Profesional y su interpretación jurisprudencial; en particular, aquellas relacionadas con la conducta del abogado o de la abogada respecto a la publicidad de casos pendientes.

In re: Enmienda al Canon 15
de Ética Judicial y Establecimiento
del Programa Experimental…                                    10

g.   Ningún procedimiento será aplazado o suspendido con el único propósito de permitir que los medios de comunicación cubran el proceso judicial haciendo uso de los privilegios concedidos por este *Reglamento*.

h.   La presencia de los medios de comunicación en un proceso judicial no afectará de modo alguno la determinación judicial que realice el juez o la jueza que preside el proceso ante una moción de suspensión, de trasferencia de vista o de traslado del caso que legítimamente hiciese una parte o su representante legal.

i.   Los privilegios concedidos en este *Reglamento* no se extienden a las partes ni a sus representantes legales, excepto el uso de grabadoras de audio o de equipo similar por los abogados o las abogadas para fines de representación legal.  Las disposiciones bajo este *Reglamento* no son aplicables en ocasiones estrictamente ceremoniales.

## REGLA 6.  PETICIÓN

a.   Todo medio de comunicación que interese tomar fotografías o grabar imágenes y audio con el propósito de difundir un proceso judicial deberá presentar una petición por escrito para utilizar cámaras fotográficas y/o equipo audiovisual de difusión dentro del salón del tribunal.   Dicha petición será completada en el formulario provisto para ello y presentada en la Secretaría del Centro Judicial de San Juan por lo menos diez (10) días antes de la fecha asignada en el calendario para el inicio del proceso, o tan pronto advenga en conocimiento del mismo.  El tribunal podrá aceptar peticiones luego de iniciado el proceso o que no cumplan con dicho término, si determina que existe causa justificada para ello.

b.   El Secretario o la Secretaria del Tribunal notificará, el mismo día de la presentación de la petición, a las partes involucradas en el proceso y llevará inmediatamente la misma a la atención del juez o de la jueza que presidirá el proceso judicial.  A menos que el juez o la jueza ordene lo contrario, la notificación de la petición a las partes se efectuará mediante fax o correo electrónico.

c.   La petición deberá dirigirse al juez o a la jueza que presidirá el proceso y deberá incluir la siguiente información:

1. El nombre del procedimiento y la fecha y hora de inicio.

In re: Enmienda al Canon 15
de Ética Judicial y Establecimiento
del Programa Experimental…                              **11**

2. El número de caso.

3. La cantidad y el tipo de cámara fotográfica y de equipo audiovisual de difusión que interesa utilizarse, incluyendo cualquier aparato o dispositivo análogo, digital o electrónico complementario y/o necesario.

**REGLA 7.  AUTORIZACIÓN**

a.  En ningún proceso judicial se permitirá el uso de cámaras fotográficas y/o de equipo audiovisual de difusión a menos que el juez o la jueza que presida el proceso judicial, en el ejercicio de su discreción, lo autorice por escrito.  La autorización se notificará mediante fax o correo electrónico a todas las partes de la acción judicial.

b.  Cualquiera de las partes podrá presentar una objeción a la petición presentada por cualquier medio de comunicación con por lo menos cinco (5) días de anticipación a la fecha asignada en calendario para el inicio del proceso o tan pronto advenga en conocimiento de la petición.  La objeción podrá ser notificada al tribunal mediante fax o correo electrónico.  El tribunal podrá aceptar objeciones luego de expirado dicho término si determina que existe justa causa para ello.  El juez o la jueza resolverá tales objeciones en cualquier momento antes del inicio del proceso judicial y tomará en consideración aquellos obstáculos que razonablemente impidan el logro de un juicio justo e imparcial.

c.  La autorización o la denegación de la petición está sujeta a reconsideración.  La determinación judicial que autorice o deniegue la petición no es revisable.

d.  De autorizarse la cobertura electrónica de un proceso judicial, si uno o más medios de comunicación ha sometido una petición a tenor con este *Reglamento*, el juez o la jueza, remitirá la petición o las peticiones a un funcionario o una funcionaria del tribunal para que cumpla con las disposiciones contenidas en la Regla 11 y sirva de enlace con los medios de comunicación de modo que puedan establecer acuerdos que cumplan con las especificaciones de la Regla 10 de este *Reglamento*.

In re: Enmienda al Canon 15
de Ética Judicial y Establecimiento
del Programa Experimental…                                    12

**REGLA 8. RESTRICCIONES**

a. La cobertura electrónica mediante el uso de cámaras fotográficas y de equipo audiovisual de difusión estará prohibida en todo procedimiento de naturaleza confidencial según establecido por ley o así dispuesto por orden judicial.

b. La cobertura electrónica de un proceso judicial, porciones del mismo, o del testimonio de una parte, una persona testigo o una persona perita puede ser prohibida, concluida o limitada *motu proprio* por el juez o la jueza que preside el proceso o a instancia de parte. El juez o la jueza efectuará su determinación tomando en consideración el interés de la justicia en proteger los derechos de las partes, de las personas testigos, y para preservar el orden y la buena conducta que debe imperar en el proceso judicial.

c. El juez o la jueza podrá ordenar en cualquier momento a los medios de comunicación que suspendan el uso de cámaras fotográficas y de equipo audiovisual de difusión, o podrá conducir el procedimiento en cámara, para evitar la difusión de la presentación en evidencia de cualquier documento o testimonio de naturaleza confidencial o sensitiva.

d. No se autorizará la cobertura electrónica de los procedimientos celebrados en cámara.

e. Solo se permitirá la transmisión en vivo o en directo de cualquier etapa de las vistas del proceso judicial o sus recesos, por radio, televisión e internet o por algún medio de transmisión análogo, mediante la autorización expresa del tribunal, previa solicitud específica al respecto y siempre que no se afecten los procedimientos ni los derechos de las partes ni el acceso del público y de los funcionarios o funcionarias a la sede del tribunal.

f. No se permitirá realizar entrevistas para la difusión ni tomar fotografías en los pasillos adyacentes a la entrada del salón donde se lleva a cabo el procedimiento o donde se estén efectuando otros procesos judiciales. Solo se permitirá en las áreas designadas para ello, que deben ser áreas retiradas de las entradas a los salones del tribunal (por ejemplo, en áreas cercanas a los elevadores o al final de los pasillos); ello de conformidad con el *Protocolo para Facilitar el Acceso de la Prensa a los Tribunales de Puerto Rico y el Acceso a la Información sobre los Procesos Judiciales*, en vigencia desde el 29 de junio de 2006.

In re: Enmienda al Canon 15
de Ética Judicial y Establecimiento
del Programa Experimental…                                    13

g.   Estará prohibido tomar fotografías o grabación de imágenes a través de las ventanillas o puertas abiertas del salón.

## REGLA 9.   CONFERENCIA DE ABOGADOS(AS), MATERIALES

Para proteger el privilegio abogado(a)-cliente y el derecho de las partes a recibir representación legal en forma efectiva, no se permitirá la toma de fotografías ni grabar o difundir imágenes o audio durante los recesos ni durante las conferencias que se efectúen en el salón o en cámara, entre la representación legal de las partes, entre abogados(as) y sus clientes, entre representantes legales de un mismo cliente o entre el abogado o la abogada y el juez o la jueza en el estrado.  Tampoco estará permitido tomar video o fotos de los materiales o los documentos localizados en las mesas de dichos abogados o abogadas.

## REGLA 10. CONDUCTA Y TECNOLOGÍA

a.   <u>Equipo técnico y personal</u>

1.   En el salón del tribunal estará permitido:

i. Una (1) cámara de televisión o de grabación de imagen portátil (con trípode), operada por un (1) camarógrafo.  Más de una cámara de televisión o de grabación de imagen podrá permitirse a discreción del juez o de la jueza que preside el proceso.

ii. Dos (2) fotógrafos con una (1) cámara fotográfica fija (con trípode) cada uno, con no más de dos lentes por cada cámara.  Más de dos fotógrafos, con el mismo equipo, pueden ser admitidos a discreción del juez o de la jueza que preside el proceso.

2.   En el caso de grabaciones de imágenes con audio solo se permitirá el uso de un sistema de audio, preferiblemente el sistema que al momento del proceso exista en el salón del tribunal.   Si este resulta inadecuado, será responsabilidad de los medios de comunicación instalar los micrófonos y el alambrado necesario en los lugares que asigne el juez o la jueza o la funcionaria o el funcionario designado antes de dar comienzo al proceso judicial.   Ninguna grabación se transmitirá en directo o en vivo.

La instalación del equipo técnico o del sistema de audio no debe causar interrupción, molestia u obstrucción de los procesos, debiendo ser aprobada por el juez o la jueza o por la funcionaria o el funcionario designado previo al comienzo del proceso judicial. Para

In re: Enmienda al Canon 15
de Ética Judicial y Establecimiento
del Programa Experimental…                                    **14**

ello se coordinará con suficiente anticipación con la funcionaria o el funcionario designado como enlace. La instalación de este equipo no puede interferir con los horarios de vista en los tribunales ni con la hora señalada para el inicio de los procedimientos.

Los gastos incurridos en la instalación del equipo técnico o del sistema de audio serán sufragados por los medios de comunicación interesados en difundir el procedimiento.

3. Se permitirá el uso de grabadoras de audio portátiles en el salón del tribunal sujeto a que su operación sea discreta y silenciosa. Los medios de comunicación deberán solicitar autorización conforme la Regla 6 de este *Reglamento*. Aun cuando no se autorice la cobertura electrónica del proceso mediante cámaras fotográficas o equipo audiovisual de difusión, el juez o la jueza, en el ejercicio de su discreción, podrá autorizar a que se grabe el audio durante la celebración del proceso judicial sin notificación previa a las partes en el proceso. El juez o la jueza mantiene discreción para restringir o prohibir el uso de grabadoras de audio portátiles en los casos en que también restrinja o prohíba la cobertura electrónica por otros medios.

4. Los medios de comunicación no deberán perturbar o interrumpir el proceso judicial al experimentar problemas técnicos. El ajuste o la reparación del equipo técnico debe postergarse hasta que el juez o la jueza decrete un receso.

b. <u>Criterios sobre luz y sonido</u>

1. Los representantes de los medios de comunicación solo utilizarán cámaras fotográficas y equipo audiovisual de difusión que no produzcan luz o sonido. Ningún equipo podrá usar ningún dispositivo o aparato artificial de iluminación.

2. Las cámaras fotográficas estarán programadas para ser operadas de manera silenciosa, incluyendo la emisión del típico sonido del "click" que las caracteriza.

3. Será deber afirmativo de los representantes de los medios de comunicación demostrar al juez o a la jueza o a la funcionaria o al funcionario designado, previo a cualquier proceso judicial, que el equipo a ser utilizado cumple con los criterios de luz y sonido enunciados anteriormente. La omisión de obtener tal aprobación impedirá el uso del equipo durante la celebración del proceso judicial. El juez o la jueza tendrá discreción para restringir durante el proceso

In re: Enmienda al Canon 15
de Ética Judicial y Establecimiento
del Programa Experimental…                                    **15**

judicial la utilización de cualquier equipo que, por su naturaleza, considere perturbador.

4. Los medios de comunicación deberán permanecer en silencio durante el proceso judicial. Deberán abstenerse de hacer comentarios o preguntas durante el proceso judicial.

c.    Ubicación de los representantes de los medios

1. Los representantes de los medios de comunicación y el equipo técnico a utilizar para la cobertura electrónica del proceso judicial se ubicarán en el lugar o en los lugares asignados por el juez o la jueza que preside el proceso o por la funcionaria o el funcionario designado. Las áreas determinadas deberán proveer un acceso razonable para la captación de imágenes del proceso judicial, por lo que se dispone que, siempre que áreas distantes en el salón permitan un acceso razonable, se ubicará el equipo y el personal de los medios en ese lugar. Todo equipo que no sea parte del equipo autorizado deberá localizarse fuera del salón del tribunal, excepto que el juez o la jueza que preside el proceso lo permita. Todo el equipo debe estar en el lugar asignado y listo para funcionar con no menos de quince (15) minutos de antelación al inicio del proceso judicial.

2. Los representantes de los medios de comunicación deberán ubicarse en el lugar que le haya sido asignado. Una vez posicionados en el lugar asignado, será deber de los representantes de los medios actuar de forma tal que no llamen la atención ni por sí mismos ni por las actividades que realicen. Estos deberán seguir las mismas normas de vestimenta que se exige al público en el tribunal.

d.    Movimiento durante el procedimiento

Todo equipo se colocará o removerá del salón del tribunal antes de comenzar los procedimientos, durante los recesos, o después de la suspensión del proceso judicial cada día. No se permitirá instalar o cambiar dispositivos o aditamentos (tales como lentes, tarjetas de memoria, rollos fotográficos, baterías, entre otros) dentro del salón del tribunal, excepto durante los recesos del proceso.

Los medios de comunicación no deberán moverse a través del salón con el propósito de tomar fotografías, hacer tomas de vídeo o grabaciones de imagen o audio mientras se desarrolle el proceso judicial ni durante los recesos. Los fotógrafos y camarógrafos podrán retirarse del salón del tribunal mientras se efectúe el proceso

In re: Enmienda al Canon 15
de Ética Judicial y Establecimiento
del Programa Experimental…                                    16

judicial, pero deberán aguardar hasta el receso para retirar las cámaras fotográficas fijas y las cámaras de televisión o de grabación de imagen.

e.    Utilización de luz adicional

Se realizarán modificaciones al alumbrado del salón del tribunal solo con la aprobación del juez o de la jueza que preside el proceso. Tales modificaciones, de ser autorizadas, serán instaladas, mantenidas o removidas sin que se incurra en gastos públicos. Será responsabilidad de los medios de comunicación interesados, sufragar todo gasto en el que se incurra como resultado de dichas modificaciones.

f.    Equipo electrónico adicional para recopilar y transmitir información

Se permitirá el uso de equipo electrónico adicional, tales como computadoras portátiles ("laptops"), teléfonos inteligentes ("smartphones"), tabletas ("tablets"), entre otros aparatos electrónicos o equipos similares, en sustitución de las herramientas tradicionales para recopilar la información sobre lo que sucede en el salón del tribunal, siempre que su operación sea discreta y silenciosa.

Aun cuando no se autorice la cobertura electrónica del proceso mediante cámaras fotográficas o equipo audiovisual de difusión, el juez o la jueza, en el ejercicio de su discreción, podrá autorizar el uso de equipo electrónico adicional con el propósito de transmitir información a través de las redes sociales o cualquier blog en vivo, sin notificación previa a las partes en el proceso.

No se permitirá grabar imágenes, audio o tomar fotografías mediante el uso de equipo electrónico adicional. El juez o la jueza mantiene discreción para restringir o prohibir el uso de equipo electrónico adicional en los casos en que también restrinja o prohíba la cobertura electrónica por otros medios.


**REGLA 11. GRUPO DESIGNADO Y ACUERDOS ENTRE LOS MEDIOS DE COMUNICACIÓN**

a.  Enlace

El juez o la jueza que preside el proceso judicial designará un funcionario o una funcionaria que actúe como representante del tribunal, quien, junto con los medios de comunicación que hayan presentado una petición bajo la

In re: Enmienda al Canon 15
de Ética Judicial y Establecimiento
del Programa Experimental…                                    17

Regla 6 de este *Reglamento*, coordinará todo asunto respecto a la difusión de los procedimientos.

Cuando lo estime necesario, el funcionario o la funcionaria designada podrá solicitar a los medios de comunicación que elijan un representante, preferiblemente mediante consenso, que sirva de enlace con el tribunal para asegurar todo lo relacionado con el fiel cumplimiento de las disposiciones de este *Reglamento*. En tales casos, el representante de los medios de comunicación designado será responsable de cumplir con las limitaciones de equipo y de personal que este *Reglamento* exige.

   b.  Grupo designado

La funcionaria o el funcionario designado deberá seleccionar los representantes de los medios de comunicación que comprenderán el grupo designado para tomar fotografías y grabar el proceso judicial. A menos que el juez o la jueza determine lo contrario, el grupo designado se constituirá de un máximo de tres (3) personas que representarán los medios de difusión siguientes: televisión, prensa digital (internet) y prensa escrita. Cada uno de los representantes de los medios de comunicación será responsable de cumplir con las disposiciones contenidas en este *Reglamento*. Estos podrán ser sustituidos por la empresa o la organización mediática a la que representan previa notificación al funcionario o funcionaria designada.

Se utilizará como criterio para la designación, el orden de llegada de las peticiones tomando en consideración la hora y la fecha de presentación del formulario en la Secretaría del Centro Judicial, a menos que los medios de comunicación lleguen a un acuerdo a satisfacción del tribunal. El funcionario o la funcionaria designada podrá tomar en consideración otros criterios establecidos mediante directrices o reglamentación.

Los medios de comunicación que no hayan sido seleccionados para formar parte del grupo designado no podrán utilizar equipo técnico para fotografiar o grabar imágenes ni podrán ingresar equipo técnico dentro del salón del tribunal.

No se admitirá en el grupo designado a más de un representante por empresa u organización mediática matriz, incluyendo sus subsidiarias, dependencias o corporaciones procedentes, a menos que los medios de comunicación lleguen a un acuerdo a satisfacción del tribunal.

In re: Enmienda al Canon 15
de Ética Judicial y Establecimiento
del Programa Experimental…                    18

Cada uno de los representantes del grupo designado deberá asegurar que el equipo técnico que utilizará para la cobertura electrónica tiene capacidad para reproducir las imágenes y el audio captado de manera que otros medios de comunicación interesados puedan obtener a través de ese equipo las imágenes y el audio del proceso judicial, sin que dichos otros representantes tengan que requerir autorización al juez o la jueza que preside el proceso. Entiéndase, que los representantes del grupo designado, inmediatamente después de finalizar la captación de imágenes o audio, estarán obligados a poner a la disposición el equipo utilizado para que otros medios de comunicación que lo soliciten puedan grabar o captar las imágenes y el audio del proceso judicial.

En casos de alto interés público o de gran notoriedad, en los que se presenta una cantidad numerosa de peticiones, el funcionario o la funcionaria designada podrá convocar una reunión con los medios de comunicación peticionarios con el propósito de alcanzar acuerdos que permitan una difusión más extensa del proceso.

c. Dilucidación de controversias

Ni el juez o la jueza que preside el proceso judicial ni el funcionario o la funcionaria designada intervendrán como mediadores o mediadoras en caso de surgir disputas relacionadas con acuerdos entre los medios de comunicación. En ausencia de un acuerdo, el juez o la jueza excluirá del proceso judicial a los medios de comunicación que se encuentren en disputa.

**REGLA 12. REGULACIONES Y MEDIDAS ADICIONALES**

Se autoriza a la Directora Administrativa o al Director Administrativo de los Tribunales a emitir cualquier directriz administrativa que sea necesaria para el mejor funcionamiento del programa experimental establecido mediante este *Reglamento* e implantar cualquier medida u orden administrativa con el fin de cumplir con las disposiciones contenidas en este.

**REGLA 13. ASUNTOS NO PREVISTOS**

El juez o la jueza que preside el proceso judicial resolverá, dentro de su sana discreción, cualquier aspecto no previsto por este *Reglamento* y que sea objeto de controversia. También podrá adoptar cualquier medida necesaria y no prevista por este *Reglamento*.

**REGLA 14. USO PERMISIBLE DEL MATERIAL GRABADO**

Ninguna cinta magnetofónica, video, fotografía o grabación de imágenes o audio adquirida bajo estas

In re: Enmienda al Canon 15
de Ética Judicial y Establecimiento
del Programa Experimental…                                    19

reglas, será admisible en evidencia en cualquier otro procedimiento que surja, o en cualquier procedimiento colateral, así como tampoco en la revisión o apelación de tales procedimientos.

**REGLA 15. VIGENCIA**

Estas reglas comenzarán a regir el 1 de julio de 2013.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Enmienda al Canon 15 de Ética Judicial y Establecimiento del Programa Experimental para el Uso de Cámaras Fotográficas y de Equipo Audiovisual de Difusión por los Medios de Comunicación en los Procesos Judiciales Celebrados en las Salas de Recursos Extraordinarios del Centro Judicial de San Juan

ER-2013-1

Voto de Conformidad emitido por el Juez Presidente Señor Hernández Denton al que se une la Jueza Asociada señora Fiol Matta

En San Juan, Puerto Rico, a 19 de abril de 2013.

La visión de la Rama Judicial es ser accesible a toda persona, diligente en la adjudicación de los asuntos, sensible a los problemas sociales, innovadora en la prestación de los servicios, comprometida con la excelencia administrativa y con su capital humano, y acreedora de la confianza del Pueblo. Plan Estratégico de la Rama Judicial de Puerto Rico 2012-2015: Justicia y Servicio. Precisamente, con la aprobación de las enmiendas al Canon 15 de Ética Judicial y el establecimiento del Programa Experimental para el Uso de Cámaras Fotográficas y de Equipo Audiovisual en las Salas de Recursos Extraordinarios del Centro Judicial de San Juan, constatamos cómo esta visión etérea se

convierte en una realidad concreta. Por eso, como Juez Presidente y administrador de esta Rama de Gobierno me place expresar mi conformidad con esta Resolución.

Las normas contenidas en el Canon 15 de Ética Judicial han permanecido prácticamente intactas desde la aprobación del primer código ético en 1957. Esto ha provocado que, en aras de mantener la solemnidad y el respeto dentro de las salas de los tribunales, se prohíba la presencia de cámaras fotográficas y equipo audiovisual, excepto en ocasiones estrictamente ceremoniales o cuando la reproducción de los procedimientos tuviese un fin educativo. Por lo tanto, existía un impedimento para la implementación de un Programa Experimental que nos permitiera recopilar información sobre los efectos de la presencia de los medios de comunicación en el desarrollo de los procesos judiciales a pesar de los reclamos de diferentes sectores. También se mantenía una veda al uso de las herramientas tecnológicas que se han convertido en esenciales al trabajo de los medios de comunicación.

Hoy, ese impedimento deja de existir y se implanta el Programa Experimental que nos permitirá delinear responsablemente una política institucional sobre el uso de cámaras fotográficas y equipo audiovisual en los tribunales. También, se reconoce la tecnología actual como herramienta para difundir información y se autoriza el uso de computadoras portátiles, teléfonos celulares, tabletas y otros para recopilar y transmitir información escrita. Esto

último aplicaría a todas las salas de los tribunales del país.

De esta forma, avanzamos en el camino que nos hemos trazado de hacer un sistema de justicia diligente y accesible a todos. Indispensable para esto es que los procesos judiciales sean comprendidos y confiables. Es por eso que este paso representa un logro enorme para la Rama Judicial. Estamos promoviendo un mayor grado de accesibilidad a nuestro sistema de justicia permitiendo que las personas se familiaricen y comprendan los procesos judiciales a través de los innovadores mecanismos de difusión de información de nuestros tiempos.

Además, estamos reafirmando nuestro compromiso con realizar nuestra función social de forma responsable y rendir cuenta de ello al País. Para ello, es importante promover la transparencia de los procedimientos judiciales permitiendo que los medios de comunicación utilicen equipo tecnológico que les asista en su función.

La información clara y precisa es indispensable para la toma de decisiones y la fiscalización del Pueblo en un País democrático. Por eso, confío en que las enmiendas introducidas al Canon 15 y el Programa Experimental para el Uso de Cámaras Fotográficas y de Equipo Audiovisual redundarán en el desarrollo de la democratización del Derecho.

Federico Hernández Denton
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Establecimiento del Programa
Experimental para el Uso de
Cámaras Fotográficas y de          ER-2013-01
Equipo Audiovisual de
Difusión por los Medios de
Comunicación en los Procesos
Judiciales Celebrados en las
Salas de Recursos
Extraordinarios del Centro
Judicial de San Juan

Voto de conformidad emitido por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ

San Juan, Puerto Rico, a de 19 de abril de 2013.

*"No es lo mismo juzgar por televisión que televisar un juicio; por lo tanto un juicio televisado no es ni justo ni injusto: es conocido. La televisación no hará más justo un juicio que lo sea, ni menos injusto un juicio objetable. Así como inexorablemente existirá una sentencia, también existe una opinión pública como hecho objetivo, haya o no televisión. Más bien, parecería que lo razonable sería acercar ambos dominios por la vía de la publicidad, tratando de que las puertas abiertas permitan que la resolución definitiva sea observada, comprendida y aceptada".*

-Rafael Bielsa[1]

---

[1] *La televisión no hace injusto un juicio,* Clarín Digital, 18 de abril de 1996, pág. 19.

La enmienda al Canon 15 de Ética Judicial aprobada por este Tribunal y el establecimiento de un Programa Experimental para autorizar el uso de cámaras fotográficas y de equipo audiovisual, por parte de los medios de comunicación en determinadas Salas de Recursos Extraordinarios, constituye un paso de avance en la búsqueda de mayor acceso de la prensa y la ciudadanía a la información que emana de los procesos judiciales. Por ello, ejerzo mi voto de conformidad.

Ahora bien, la adopción de este Programa no debe detener a este Tribunal en continuar con los esfuerzos simultáneos dirigidos a alcanzar la plenitud de acceso a los procesos judiciales dentro de nuestro esquema constitucional.[2] Me refiero a que los pasos de este Tribunal tienen que cobrar mayor agilidad en el transcurso hacia la reformulación de la reglamentación del acceso a los medios de comunicación a todos los procesos judiciales. Claro está, con las salvaguardas necesarias para amparar a determinados actores del tracto legal, cuya protección es imprescindible para el descubrimiento de la verdad.

En ese sentido, reconozco los esfuerzos recientes dirigidos a promover el estudio y análisis del desarrollo

---

[2]Soy consciente que el Canon de Ética Judicial que hoy enmendamos es fuente de complicadas implicaciones constitucionales. Es por ello que, en nuestro esfuerzo regulador, debemos auscultar con detenimiento las incidencias que el Canon 15 impone, si alguna, sobre los derechos constitucionales a la libertad de prensa, a un juicio rápido y público, y a la ventilación de un juicio ante un jurado imparcial, entre otras consideraciones de primer orden. No obstante, este análisis sereno de las garantías constitucionales nombradas no debe ser óbice para un proceder investido de una premura responsable y diligente.

histórico del Canon 15 y su reglamentación.  Sin embargo, la evaluación de los resultados del Programa Experimental adoptado no debe dilatarse irrazonablemente por años adicionales.

Además, resulta imperativo integrar en el proceso de consultas a múltiples sectores de la ciudadanía, la comunidad jurídica y la prensa para que la facultad de reglamentación se ejerza dentro de un marco de verdadera participación. El compromiso de transparencia y acceso a la justicia del Pueblo tiene varias ramificaciones en el ejercicio de reglamentación de la Rama Judicial. Ciertamente, el paso adoptado por este Tribunal fortalece esa política pública institucional.[3]

Ha llegado el momento de culminar la etapa de "replantearnos si todavía se justifica  la prohibición de los procedimientos judiciales por vídeo y por audio", tal como lo expuso acertadamente el compañero Juez Asociado señor Martínez Torres en su ceremonia de juramentación y

---

[3]Amerita puntualizar que este máximo Foro está comprometido con alcanzar un nivel de apertura plena de sus procesos judiciales, de forma tal que se garantice la transparencia y la accesibilidad del Pueblo a nuestras gestiones oficiales. *In re Solicitud Aumentar Número de Jueces T.S.*, 180 D.P.R. 54, 72 (2010). Véase, también, Ley Núm. 169-2010.  Este espíritu de garantizar el acceso de los medios de comunicación y de la ciudadanía en general a nuestros procedimientos, permea cada etapa y esfera de nuestra rama de gobierno, con mayor énfasis en el quehacer judicial del Tribunal de Primera Instancia, por ser éste el foro que materializa de forma más directa la aspiración de la Rama Judicial por alcanzar un mayor acceso a la justicia. Véase, *Servicio y Justicia, Justicia y Servicio*, Plan Estratégico de la Rama Judicial de Puerto Rico, 2012-2015. Por ello estoy conforme con que el Programa Experimental inicie con ese foro. Pero ello no debe interpretarse como una limitación a la accesibilidad a la que aspiro en los foros apelativos.

cuyas palabras fueron oportunamente apoyadas por el compañero Juez Asociado señor Kolthoff Caraballo. Véanse, Ceremonia de Juramentación, 175 D.P.R. LXXXV, XCVII (2009); *Transparentes*, El Nuevo Día, 28 de febrero de 2012. Hoy alcanzamos un peldaño adicional en ese proceso reformista. No obstante, nuestra jornada hacia una mayor transparencia y al acceso pleno de la ciudadanía y la prensa a nuestros procedimientos judiciales no debe limitarse, ni mucho menos perpetuarse, en el ámbito experimental aquí aprobado. De lo contrario, las huellas de apertura marcadas en el día de hoy podrían quedar borradas por la resaca del hermetismo y la ventisca de la secretividad de los procedimientos.

LUIS F. ESTRELLA MARTÍNEZ
Juez Asociado